46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Perry Bernard WARTHAN, Petitioner-Appellant,
v.
E. MYERS, Superintendent, Respondent-Appellee.
 No. 94-15952.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Perry Bernard Warthan, a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. Warthan contends that he was denied effective assistance of counsel when his attorney failed to investigate a diminished capacity defense based upon his long history of substance abuse. Following an evidentiary hearing, the district court denied the petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. Sec. 1291 and 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 We review de novo the district court's denial of a habeas corpus petition. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994). Whether a defendant received effective assistance of counsel is a legal question reviewed de novo. Ratelle, 21 F.3d at 1451.
 
 
 4
 To demonstrate that counsel was ineffective, a defendant must show (1) that counsel's actions were "outside the wide range of professionally competent assistance," and (2) that the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); Wade v. Calderon, 29 F.3d 1312, 1316, 1323 (9th Cir. 1994), cert. denied, 63 U.S.L.W. 3371 (U.S. Jan. 17, 1995) (NO. 94-761). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689; Wade, 29 F.3d at 1316. To demonstrate prejudice, a defendant must show that, but for counsel's errors, there was a reasonable probability the outcome of the proceeding would have been different. Strickland, at 692; Wade, at 1316. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993).
 
 
 5
 Here, Warthan contends that his trial attorney was ineffective when he in failed to present a mental defense based upon Warthan's habitual abuse of marijuana and alcohol. Warthan argues the substance abuse impaired his ability to form an intent prerequisite to a first degree murder conviction. The district court properly found that Warthan failed to meet the first prong of the Strickland test.
 
 
 6
 Warthan has not shown that his attorney's performance was deficient, i.e., the performance fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88. Strickland holds that strategic choices relevant to plausible options in a case are virtually unchallengeable when made pursuant to thorough investigation. Id. at 690. Warthan's attorney was never confronted with the tactical decision whether to assert a mental defense. Warthan repeatedly denied committing the murder and never told the attorney that he lacked recollection of killing the victim. Warthan never demonstrated to his attorney the failure or inability to recall past events. In fact, Warthan told the attorney that authorities were trying to frame him for the murder because of his political beliefs. Moreover, Warthan's attorney presented a viable defense arguing that the codefendants named Warthan as the killer in returned for leniency, while citing inconsistencies in their testimony regarding the manner in which the victim was shot.
 
 
 7
 Furthermore, Warthan's attorney stated in his declaration that he obtained a court order appointing a psychiatrist to examine Warthan to determine his current mental status and whether he was insane at the time of the offense. The psychiatrist determined that "there was no evidence to support an insanity defense nor was there any evidence demonstrated which would support a conclusion that due to a mental disorder or defect Defendant lacked the ability to premeditate or deliberate."
 
 
 8
 At the end of his trial, Warthan again denied committing the murder and failed to mentioned an inability to recall the murder because of alcohol or marijuana abuse. Thus, Warthan gave his attorney no reason to investigate a diminished capacity defense, and it was reasonable for the attorney to rely upon information supplied by Warthan in determining investigative strategies. See Strickland, U.S. at 691; see also Harris v. Vasquez, 949 F.2d 1497, 1525 (9th Cir. 1990), cert. denied, 112 S. Ct. 1275 (1992).
 
 
 9
 The district court also properly found that there was substantial other evidence in the record that contradicted a defense of diminished capacity. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir. 1994) (per curiam). Warthan deliberated and calculated a cold-blooded execution and afterward sought to dispose of evidence and conceal his crime. The victim was shot eight times in the head because he was suspected of being a "race traitor" by Warthan's "Nazi" organization. Warthan ordered two minors who were codefendants in the case to conceal the murder and make it look as if the victim had been robbed. He also threatened to kill the codefendants if they talked.
 
 
 10
 Finally, Warthan has failed to show prejudice because he has not demonstrated that the result of the proceeding would have been different had the diminished capacity defense been presented. See Strickland, 466 U.S. at 694. Warthan has not presented any evidence that the diminished capacity defense would have been successful. To the contrary, a diminished capacity defense conflicted directly with Warthan's claims of innocence and his claim that he was framed by authorities. Furthermore, the substantial evidence presented at trial detailing Warthan's efforts to conceal the murder and his subsequent admission of the crime would have seriously undermined a mental defense based upon substance abuse. Therefore, Warthan failed to prove ineffective assistance of counsel, and the district court did not err in denying the petition for writ of habeas corpus. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3